Andrew J. Christensen (SBN: 260748)
Law Offices of Andrew J. Christensen, P.C.
3608 Grand Ave. Suite 1
Oakland, CA 94610
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Debtor
Ayo Akatugba

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In the Matter of:

Ayo Akatugba

Debtor

Bankruptcy Case No. 18-40285 WJL 13

CHAPTER 13

**Declaration of Debtor Ayo Akatugba in Support of Debtor's Motion for Summary Judgment, or in the Alternative, Summary Adjudication, Against UMB BANK, National Association as Trustee for PRL Title Trust 1, and NewRez LLC, DBA Shellpoint Mortgage Servicing, Regarding Debtor's Motion for Violations of RESPA, TILA, CFPB Regulation X and Z, and FDCPA, and Violation of the Automatic Stay, Violation of the Confirmed Plan, Contempt for Violation of Settlement Agreement, Violation of Bankruptcy Rule 3002.1, and Contempt of the Discharge Injunction §524(i).**

**Hearing: Zoom/Telephonic or In Person**
Date: September 27, 2023, 10:30 AM
Place: Courtroom 220
1300 Clay Street, 2nd Floor Oakland, CA
Judge William Lafferty

I, Ayo Akatugba am the Debtor in this case. I make this declaration of my own personal knowledge except to those matters which are herein alleged on information and belief, and as to those matters, I believe them to be true.

I, Ayo Akatugba am the Debtor in this case. I make this declaration of my own personal knowledge except to those matters which are herein alleged on information and belief, and as to

those matters, I believe them to be true.

1. My chapter 13 plan was never revoked during the case, and I made all payments under the plan and completed my plan.

2. Shellpoint was charging me for earthquake insurance which I did not have and which they did not pay for.

3. This has caused me so much anxiety and distress for so long. I have become so anxious and worried that I am easily irritated and angry. I stay awake worrying sometimes. I have been so worried that I have called in sick for work several times.

4. Attached here as **[Exhibit A]** is a true and correct copy of the Stipulated Settlement and Order.

5. Attached her as **[Exhibit B]** is a true and correct copy of the notice of mortgage payment change that I received.

6. Attached her as **[Exhibit C]** is a true and correct copy of the notice of mortgage payment change that I received.

7. Attached here as [Exhibit D] is a true and correct copy of the withdrawal of the notice of mortgage payment change that I received.

8. Attached here as **[Exhibit F]** a true and correct copy of an escrow statement I received from Rushmore.

9. Attached as [Exhibit J] is a true and correct copy of statements I received from Rushmore.

I swear under the penalty of perjury that this is true and correct, and that this declaration was executed on the following date in Oakland California.

DATED: August 23, 2023

/s/ Ayo Akatugba
Ayo Akatugba Debtor

Andrew J. Christensen (SBN: 260748)
Law Offices of Andrew J. Christensen, P.C.
3608 Grand Ave. Suite 1
Oakland, CA 94610
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Debtor
Ayo Akatugba

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>Ayo Akatugba<br><br>Debtor | Bankruptcy Case No. 18-40285 WJL 13<br><br>CHAPTER 13<br><br>**Declaration of Andrew J. Christensen in Support of Debtor's Debtor's Motion for Summary Judgment, or in the Alternative, Summary Adjudication, Against UMB BANK, National Association as Trustee for PRL Title Trust 1, and NewRez LLC, DBA Shellpoint Mortgage Servicing, Regarding Debtor's Motion for Violations of RESPA, TILA, CFPB Regulation X and Z, and FDCPA, and Violation of the Automatic Stay, Violation of the Confirmed Plan, Contempt for Violation of Settlement Agreement, Violation of Bankruptcy Rule 3002.1, and Contempt of the Discharge Injunction §524(i).**<br><br>**Hearing: Zoom/Telephonic or In Person**<br>Date: September 27, 2023, 10:30 AM<br>Place: Courtroom 220<br>1300 Clay Street, 2nd Floor Oakland, CA<br>Judge William Lafferty |

I, Andrew J. Christensen am attorney for Debtor in this case. I make this declaration of my own personal knowledge except to those matters which are herein alleged on information and belief, and as to those matters, I believe them to be true.

1. I served 55 Requests for Admission ("RFA"), Set One, on Shellpoint on February 10, 2023, by mail and email. Attached here as [**Exhibit 60**] is a true and correct copy of the requests.

2. I served 96 Requests for Admission, Set One, on UMB Bank on February 10, 2023, by mail and email. Attached here as [**Exhibit 61**] is a true and correct copy of the requests.

3. Responses were due on March 15, 2023.

4. Shellpoint served responses three and a half months later on June 30, 2023. Attached here as [**Exhibit 62**] is a true and correct copy of Shellpoints untimely responses.

5. Shellpoint did not seek or obtain an extension of time before the deadline passed, and the responses were untimely by 107 days. UMB Bank has never served any responses to the RFAs, nor to any discovery requests, including interrogatories and requests for production of documents.

6. I advised Counsel for Shellpoint and UMB Bank that their failure to respond to RFAs meant that they were deemed admitted. This occurred twice. First, in a phone call between myself and Creditors' counsel Jacqueline Foroutan on March 29, 2023, which was about two weeks after responses were due, I informed Foroutan that the deadline to respond to discovery had passed without them seeking an extension, which carried the penalties specified in the Federal Rules. Foroutan did not ask for an extension, but merely claimed they were working on the responses and would get them served when they could.

7. The second discussion was when Counsel for the parties also held a conference call with Ariel Stern and Jacqueline Foroutan and myself on July 13, 2023, to meet and confer about Shellpoint's untimely discovery responses that were served on June 30, 2023. A large part of that call addressed the issue of the RFAs being deemed admitted, and I informed them that the failure to timely answer RFAs meant that they are deemed admitted. Stern and Foroutan admitted that they knew that it would require a motion to be relieved of the admissions, but made a long argument about how their position is that there was a tacit, unspoken agreement to an open ended discovery timeline without deadlines because Debtor had not moved to compel discovery yet. I vigorously disagreed with this absurd argument.

8. Creditor's counsel followed up on the call with a letter purporting to confirm that there was an "open extension" that was not disputed by Debtor's counsel on the call, but this is a bad faith attempt to make a false record, and I responded to that letter to make it clear that there was

1 never any such agreement to any extension. Debtor did not agree to give any retroactive extension
2 of any deadline.

3     9. On that call, I offered to stipulate to Creditors' liability in order to avoid further
4 discovery or litigation costs since Shellpoint and UMB Bank do not seriously dispute liability in the
5 case.

6     10. This offer was made in order to save the parties fees and costs to prove liability that
7 is not seriously disputed, in order to avoid what happened in the litigation a few years ago in this
8 same case on the same type of wrongdoing. Creditors refused to stipulate to liability, refused to
9 amend their responses, refused to give a date by which they would serve amended responses or serve
10 documents.

11     11. Shellpoint has not given any valid excuse for the delay of 107 days. Shellpoint nor
12 UMB Bank asked me for an extension

13     12. Shellpoint's responses are essentially just boilerplate objections with little to no
14 substance, and they only produced 408 pages, when they should have produced over 3,000 pages for
15 just this case based my experience and information and belief. This does not include the loan histories
16 for all chapter 13 cases where arrears are being paid in the Northern and Central Districts of
17 California, which is likely many tens of thousands of pages.

18     13. UMB has given no reasons for its failure to respond to any of the RFAs,
19 interrogatories, or requests for production served on it on February 10, 2023.

20     14. Attached here as **[Exhibit 56]** is a true and correct copy of a loan transaction history
21 that I received Creditors in this case.

22     15. Attached here as **[Exhibit 57]** is a true and correct copy of a loan transaction history
23 that I received Creditors in this case.

24     16. Attached here as **[Exhibit 58]** is a true and correct copy of a loan transaction history
25 that I received Creditors in this case.

26     17. Attached here as **[Exhibit 64]** is a true and correct copy of a Response to Notice of
27 Final Cure that I received Creditors in this case.

28

18. The transcript of the Rule 2004 examination of Rushmore is a true and correct copy of certain relevant pages from the transcript I received from the court reporter from the deposition taken on January 25, 2023.

I swear under the penalty of perjury that this is true and correct, and that this declaration was executed on the following date in Oakland California.

DATED: August 23, 2023

/s/ Andrew J. Christensen
Andrew J. Christensen Attorney for Debtor