Andrew J. Christensen (SBN: 260748)
Law Offices of Andrew J. Christensen, P.C.
3608 Grand Ave. Suite 1
Oakland, CA 94610
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Debtor
Ayo Akatugba

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In the Matter of:

Ayo Akatugba,

Debtor.

Case No. 18-40285 WJL

CHAPTER 13

**Request for Entry of Order on Debtor's AMENDED Objection to Response to Notice of Final Cure Payment of Creditor U.S. Bank Trust N.A. not in its individual capacity but solely as Owner Trustee on behalf of BRAVO Residential Funding Trust 2022-RPL1 Pursuant to Bankruptcy Rule 3002.1(h) and (g) and Request to Deem Debtor Current**

**Hearing: Held September 29 and November 14, 2023**
Date:
Time:
Location: 1300 Clay Street, Suite 300
Oakland, CA 94612
Courtroom: 220
Judge: Honorable William J. Lafferty

TO THE HONORABLE WILLIAM J. LAFFERTY,

Debtor respectfully requests that the Court enter an order sustaining *Debtor's AMENDED Objection to Response to Notice of Final Cure Payment of Creditor U.S. Bank Trust N.A. not in its individual capacity but solely as Owner Trustee on behalf of BRAVO Residential Funding Trust 2022-RPL1 Pursuant to Bankruptcy Rule 3002.1(h) and (g) and Request to Deem Debtor Curren*t. Debtor's Amended Objection was filed on August 22, 2023, docket 384 because the parties have

1

not been able to resolve the matter informally.

This request for order is supported by the declaration of Andrew J. Christensen filed herewith.

Rushmore opposed Debtor's Objection regarding the final cure. [docket 402]. U.S. Bank has not responded or opposed Debtor's Objection and therefore the Objection should be sustained as unopposed.

Rushmore filed a Notice of Withdrawal of Response to Notice of Final Cure Payment on October 3, 2023, withdrawing the original response that was filed on April 17, 2023.

US Bank filed a new Response to Notice of Final Cure on November 9, 2023, that states that Debtor is current on her post-petition payments.

Rushmore has not provided evidence to Debtor that the post-petition payments of $3,990.56 and the $650 in attorney's fees at issue in this dispute have been waived as Rushmore claims. Therefore, Debtor is entitled to an order on the objection.

The bottom line is that although Rushmore claims that it has waived the amounts, and has amended its response to the notice of final cure to declare the loan current, Debtor has reason to believe that the amounts have not been waived off the loan in the official computer servicing system of record because that has been a long dispute in this case over the last 4 years, and providing a loan transaction history to show the waived amounts is very easy and fast so there is no excuse not to provide it to show the amounts were waived. This plainly suggests that the funds have not been waived.

There is no need for further hearing on this issue, nor further briefing. This matter was fully heard twice. This Court gave Rushmore two chances to provide evidence to Debtor that the amounts had been waived, and Rushmore did not take advantage of those opportunities.

At the hearing on September 29, 2023, the issue was raised about proof that the amounts were waived. This Court stated "If we gave them a week to be more specific about that, would that be responsive, whether it's going to be a refund or we're going to apply it here or we're going to do this?" [transcript of hearing 9/29/2023, page 10]. Then the court said "If they simply show that they've done that, does that resolve this?" to which I responded "yes, I guess if they can prove that

they have complied […] by showing us their accounting records." [transcript of hearing 9/29/2023, page 11].

In an effort to resolve this issue, undersigned counsel spoke with Rushmore's counsel Regina McClendon about the issues raised before this Court about having Rushmore provide evidence that Rushmore has adjusted its computer servicing system of record to waive the amount of $3,990.56 in post-petition payments and $650 in post-petition fees that are in dispute in Debtor's objection. On that same day, September 29, the undersigned spoke to Ms. McClendon on the phone and asked if she would send a new loan transaction history to resolve this issue. Counsel had another conversation about it on October 13.

On October 3, 2023, undersigned emailed Ms. McClendon about the issue, reminding her that no evidence had been sent showing that Rushmore waived the amounts as claimed.

Rushmore's counsel did not provide evidence to Debtor's counsel showing that the funds have been waived off the loan. It was over six weeks between the first hearing and the second hearing on this matter, and during that time, Rushmore did not provide a loan transaction history to show that the amount had been waived in the system.

This issue was raised again at the hearing on November 14, 2023, and this Court gave the parties another chance to address the issue informally by Rushmore providing Debtor evidence that the funds were waived.

Again, Rushmore failed to provide an updated loan transaction history or other evidence showing that the funds had been applied.

Debtor and her counsel have little confidence that Rushmore has waived the amounts in their servicing system of record based on experience with Rushmore and the fact that Debtor tried to get them to fix these errors informally since June 2022 giving Rushmore six months to fix the errors before filing the Motion for Sanctions, and they have not done so, despite the relatively low amount and the ease with which the adjustment can be made, and the ease of providing proof.

Whether the amounts have been waived in the system officially or not, there is no harm in sustaining Debtor's objection in full because if it was waived, there is nothing else to do, but if it is not waived, then the order protects Debtor from errors in the future. Either way, Debtor is entitled

Case: 18-40285    Doc# 434    Filed: 11/22/23    Entered: 11/22/23 14:56:10    Page 3 of 7

to attorney's fees and costs and damages in the Objection because at the time it was filed, the problem existed, and the only reason Rushmore fixed it or will fix it, is because of the objection and the threat of sanctions. The need for this enforcement mechanism is not reduced simply because Rushmore claims that it has or will waive the mounts.

There is no requirement that this request and supplemental declaration be set for hearing. The Court should enter the order without further delay.

The Court should sustain the objection in full and enter the following order:

(1) That the post-petition payments of $3,990.56 and the $650 in attorney's fees are not "required postpetition amounts" under Rule 3002.1(h);

(2) That Debtor is deemed current on all post-petition payments on her home mortgage loan relating to proof of claim 6 as of March 27, 2023, that the date of the Trustee's Notice of Final Cure;

(3) That U.S. Bank Trust N.A. not in its individual capacity but solely as Owner Trustee on behalf of BRAVO Residential Funding Trust 2022-RPL1, and Rushmore Loan Management are precluded from collecting such amounts, or any fees, interest, or charges added to the loan as a result of the assertion of missed payments, and that the loan is adjusted to reflect the status, and that the credit reporting reflects the loan as current.

(4) That U.S. Bank Trust N.A. not in its individual capacity but solely as Owner Trustee on behalf of BRAVO Residential Funding Trust 2022-RPL1, and Rushmore Loan Management are prohibited from presenting evidence that these fees are owed in any future proceeding related to the bankruptcy case.

(5) That U.S. Bank Trust N.A. not in its individual capacity but solely as Owner Trustee on behalf of BRAVO Residential Funding Trust 2022-RPL1 pay Debtor's attorney's fees of $3,965 as requested in the original Objection.

DATED: November 22, 2023

/s/ Andrew J. Christensen
Andrew J. Christensen

Andrew J. Christensen (SBN: 260748)
Law Offices of Andrew J. Christensen, P.C.
3608 Grand Ave. Suite 1
Oakland, CA 94610
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Debtor
Ayo Akatugba

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>Ayo Akatugba<br><br>Debtor | District Court Case No: 21-cv-01015-JST<br><br>Bankruptcy Case No. 18-40285 RLE 13<br><br>CHAPTER 13<br><br>Supplemental Declaration of Andrew J. Christensen in Support of Debtor's AMENDED Objection to Response to Notice of Final Cure Payment of Creditor U.S. Bank Trust N.A. not in its individual capacity but solely as Owner Trustee on behalf of BRAVO Residential Funding Trust 2022-RPL1 Pursuant to Bankruptcy Rule 3002.1(h) and (g) and Request to Deem Debtor Current<br><br>**Hearing:**<br>Date:<br>Time:<br>Location: 1300 Clay Street, Suite 300<br>Oakland, CA  94612<br>Courtroom:  220<br>Judge:  Honorable William J. Lafferty |

    I, Andrew J. Christensen am attorney for Debtor in this case. I make this declaration of my own personal knowledge except to those matters which are herein alleged on information and belief, and as to those matters, I believe them to be true.

    1.    This matter of Debtor's objection to Response to Notice of Final Cure came before this Court for hearing on September 29, 2023, and again on November 14, 2023.

2. Rushmore has claimed in papers filed in this court that it will waive the $3,990.56 in post-petition payments and $650 in post-petition fees that are in dispute in Debtor's objection but has shown no evidence to me that this has been done. The best evidence of this would be a loan transaction history from the servicing system of record showing that this amount has been waived off the loan by a specific special adjustment.

3. Rushmore has filed an amended response to its notice of final cure that removed the $3,990.56 in post-petition payments and $650 in post-petition fees that are in dispute in Debtor's objection that Rushmore had originally claimed. This however is not evidence that the amounts have been waived permanently in the servicing system of record. This is a serious concern to Debtor because in this same bankruptcy case the prior servicer Shellpoint and UMB Bank claimed they waived amounts off the loan, but these claims have been proven false.

4. At the hearing on September 29, 2023, the issue was raised about proof that the amounts were waived. This Court stated "If we gave them a week to be more specific about that, would that be responsive, whether it's going to be a refund or we're going to apply it here or we're going to do this?" [transcript of hearing 9/29/2023, page 10]. Then the court said "If they simply show that they've done that, does that resolve this?" to which I responded "yes, I guess if they can prove that they have complied […] by showing us their accounting records." [transcript of hearing 9/29/2023, page 11].

5. In an effort to resolve this issue, I have spoken with Rushmore's counsel Regina McClendon about the issues raised before this Court about having Rushmore provide evidence that Rushmore has adjusted its computer servicing system of record to waive the amount of $3,990.56 in post-petition payments and $650 in post-petition fees that are in dispute in Debtor's objection. On that same day, September 29, I spoke to Ms. McClendon on the phone and asked if she would send a new loan transaction history to resolve this issue. We had another conversation about it on October 13.

6. On October 3, 2023, I emailed Ms. McClendon about the issue, reminding her that I had not yet seen evidence that Rushmore waived the amounts as claimed.

7. Rushmore's counsel did not provide evidence to me showing that the funds have been waived off the loan. It was over 6 weeks between the first hearing and the second hearing on this matter, and during that time, Rushmore did not provide a loan transaction history to show that the amount had been waived in the system.

8. This issue was raised again at the hearing on November 14, 2023, and this Court gave the parties another chance to address the issue informally by Rushmore providing Debtor evidence that the funds were waived.

9. Again, Rushmore failed to provide an updated loan transaction history or other evidence showing that the funds had been applied.

10. I have little confidence that Rushmore has waived the amounts in their servicing system of record based on my experience with Rushmore and the fact that I have tried to get them to fix these errors informally since June 2022 and they have not done so, despite the relatively low amount and the ease with which the adjustment can be made, and the ease of providing proof.

I swear under the penalty of perjury that this is true and correct, and that this declaration was executed on the following date in Oakland California.

DATED: November 22, 2023

/s/ Andrew J. Christensen
Andrew J. Christensen
Attorney for Debtor