Andrew J. Christensen (SBN: 260748)
Law Offices of Andrew J. Christensen, P.C.
3608 Grand Ave. Suite 1
Oakland, CA 94610
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Debtor
Ayo Akatugba

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>Ayo Akatugba<br><br>Debtor | Bankruptcy Case No. 18-40285 WJL 13<br><br>CHAPTER 13<br><br>**Debtor's Motion to Maintain Confidential Designations of Interrogatory Responses**<br><br>**Hearing: Zoom/Telephonic or In Person**<br>Date: May 8, 2024, 10:30 AM<br>Place: Courtroom 220<br>1300 Clay Street, 2nd Floor Oakland, CA<br>Judge William Lafferty |

Debtor Ayo Akatugba Moves for an Order maintaining Debtors' documents and information confidential pursuant to the stipulated protective order.

Pursuant to the Stipulated Protective Order (SPO) Debtor designated certain responses to Rushmore's interrogatories, set one, as confidential because they contain highly sensitive facts about Debtor's emotional distress.

Rushmore challenged Debtor's designations by letter dated March 22, 2024. The parties met and conferred several times by email and video conference but were unable to resolve the issue. Pursuant to the SPO ¶6.3 Debtor has 14 days to file a motion to maintain the designations. Debtor sought an extension of time to review the designations for these responses and for Rushmore's other challenge to the designations of deposition transcripts for a witness in the case about emotional distress damages to try to limit the designations or come to an agreement. Rushmore granted

an extension on the deposition transcript but did not agree to an extension regarding the interrogatory designations.

Debtor's responses to Rushmore's set one interrogatories were served January 4, 2024, and designated confidential at that time. Debtor seeks to maintain certain portions of her responses to Interrogatories 5 and 20 regarding her emotional distress.

This Motion is supported by the Declaration of Debtor Ayo Akatugba, and Andrew J. Christensen, and exhibits in support.

Debtor requests that if the Court has concerns about reviewing the responses before entering the order on this Motion that the Court review the responses in camera, or that Debtor filed them under seal for review.

## 1. **LEGAL STANDARD**

The Ninth Circuit has set the legal standard when considering whether to retain confidentiality designations made pursuant to a protective order: "First, [a court] must determine whether 'particularized harm will result from disclosure of information to the public.' . . . . Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether [maintaining] a protective order is necessary." *In re Roman Catholic Archbishop*, 661 F.3d at 424 (internal quotations and citations omitted). The Ninth Circuit has directed courts doing the balancing test to consider the factors identified by the Third Circuit in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995):

> 1) whether disclosure will violate any privacy interests;
> 
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> 
> 3) whether disclosure of the information will cause a party embarrassment;
> 
> 4) whether confidentiality is being sought over

2

information important to public health and safety;

  5) whether the sharing of information among litigants will promote fairness and efficiency;

  6) whether a party benefitting from the order of confidentiality is a public entity or official; and

  7) whether the case involves issues important to the public.

*Glenmede Trust*, 56 F.3d at 483.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

## 2. PARTICULAR HARM WILL RESULT IF THE INFORMATION IS DISCLOSED

Debtor seeks to maintain the confidential designation of certain parts of her responses to Rushmore's interrogatories 5 and 20 that go into detail about Debtor's emotional distress, and the physical and mental and emotional strain that Creditor's misconduct has caused her and her family over the last several years. It also includes details of medical treatments. The details of how the stress of possibly losing her home wrongfully to Creditors affected Debtor are of such a nature that it will cause serious harm to Debtor and her family by embarrassment and public humiliation. Debtor is a well-respected teacher at Oakland Unified School District, but when Debtor's name Ayo Akatugba is entered into a Google search, the first two search results are legal research websites that contain filings related to this bankruptcy case, including Casetext.com and Justia Dockets and Filings. A screen shot of these search results is attached here as **Exhibit A**. Three out of the top seven results contain information about the bankruptcy case. This creates a heighted need to keep the facts about Debtor's personal and family emotional distress confidential so that it does not become publicly available to anyone searching her name in the future. Debtor's declaration

in support establishes the harm to her professional and personal reputation and the embarrassment that would result if the information is not kept confidential.

Some of the information in the interrogatories relates to medical treatment, and medical records and treatment merit a high level of protection.

### 3. THE BALANCING TEST FAVORS MAINTAINING CONFIDENTIALITY

The seven balancing factors favor maintaining confidentiality here because under the first factor, the disclosure of medial information and medical treatment violates her privacy interests, and Debtor also has a privacy interest in not having embarrassing personal information about her stress and anxiety made public. The third factor favors confidentiality because disclosure of the information will certainly cause embarrassment because of the highly sensitive nature of the specific details disclosed. The fourth factor favors confidentiality because the information sought here is private to Debtor and does not implicate information "important to public health and safety." The sixth factor favors confidentiality because Debtor is a private citizen, not a public entity or official. The seventh factor favors confidentiality because the details of the emotional distress of Debtor and her family are not issues important to the public. The second and fifth factors of the test do not apply here.

Therefore, Debtor requests an order that Debtor's confidential designations may be maintained so that the information is not filed on the public docket or otherwise disclosed.

DATED: April 5, 2024

/s/ Andrew J. Christensen
Andrew J. Christensen
Attorney for Debtor Ayo Akatugba

Andrew J. Christensen (SBN: 260748)
Law Offices of Andrew J. Christensen, P.C.
3608 Grand Ave. Suite 1
Oakland, CA 94610
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Debtor
Ayo Akatugba

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| In the Matter of:<br><br>Ayo Akatugba<br><br>Debtor | Bankruptcy Case No. 18-40285 WJL 13<br><br>CHAPTER 13<br><br>**Declaration of Andrew J. Christensen in Support of Debtor's Motion to Maintain Confidential Designations of Interrogatory Responses**<br><br>**Hearing: Zoom/Telephonic or In Person**<br>Date: May 8, 2024, 10:30 AM<br>Place: Courtroom 220<br>1300 Clay Street, 2nd Floor Oakland, CA<br>Judge William Lafferty |
|---|---|

I, Andrew J. Christensen am attorney for Debtor in this case. I make this declaration of my own personal knowledge except to those matters which are herein alleged on information and belief, and as to those matters, I believe them to be true.

1. I received Ms. McClendon's email disputing the confidential designations on March 22, 2024. I responded to the email on March 26, 2024 setting forth the reasons for our designations and the legal standard for the designations and why it is embarrassing.

2. I met and conferred on March 26, 2024, with Rushmore's Counsel Regina McClendon about her objections to confidentiality, but the parties were unable to come

-1-

to an agreement. We discussed several discovery disputes including this objection to confidentiality and various other discovery matters.

3. I emailed Ms. McClendon on April 4, 2024, about the issue to ask for an extension of time to further review our designations that are being contested by Ms. McClendon on this and another deposition transcript designation. I have been preparing for a jury trial for the last few weeks and needed an extension of at least two weeks to be able to revisit our designations to determine if we could narrow them down or come to further agreement. Ms. McClendon agreed to an extension for her challenge to the deposition transcript but did not agree to an extension of the designation of the interrogatory responses.

4. Attached here as [**Exhibit A**] screen shot that I took on my computer of a Google search I performed with Debtors name, Ayo Akatugba.

I swear under the penalty of perjury that this is true and correct, and that this declaration was executed on the following date in Oakland California.

DATED: April 5, 2024

/s/ Andrew J. Christensen
Andrew J. Christensen Attorney for Debtor

# Exhibit A



Google | ayo akatugba

All  Images  Videos  News  Shopping  : More                    Tools

About 2,340 results (0.31 seconds)


Casetext
https://casetext.com › ... › ND CA › 2023 › December

### In re Akatugba, 23-cv-02356-JST
Dec 20, 2023 — On May 16, 2023, Christensen, attorney for Debtor **Ayo** H. **Akatugba**, filed a notice of appeal of the bankruptcy court's April 19, 2023 order ...


Justia Dockets & Filings
https://dockets.justia.com › ... › Northern District

### In re Ayo H. Akatugba 4:2023cv02356 | US District Court ...
Dec 8, 2023 — Bankruptcy Appeal (801) case filed on December 8, 2023 in the California Northern District Court.


Oakland Unified School District
https://skyline.ousd.org › academics-programs › green-...

### Green Energy Pathway - Skyline High School
Pathway Director. ayo.akatugba@ousd.org. Dr. **Ayo Akatugba**. Pathway Director. (510) 482-7109 x 174. Email Me · Skyline High School. Oakland Unified School ...


Oakland Unified School District
https://skyline.ousd.org › about-us › our-school › facult...

### Faculty & Staff - Skyline High School
**Ayo Akatugba**. Physics, Green Energy Pathway. Email Me. no picture available. Azhi Shekarloo. Therapist. no picture available. Barbara Harris. Special Education.


Oakland Unified School District
https://skyline.ousd.org › academics-programs › linked-...

### Linked Learning Pathway Academics - Skyline High School
Dr. **Ayo Akatugba** ... Oakland Unified School District provides every student with a safe, joyful education that prepares them to be lifelong readers and bilingual ...


Transparent California
https://transparentcalifornia.com › oakland-unified › ay...

### Ayo Akatugba
Home /; School Districts /; 2022 /; Oakland Unified /; **Ayo Akatugba**. **Ayo Akatugba** · Teacher Structured Eng Immersn (2022). Regular pay: $98,480.20.


UniCourt
https://unicourt.com › ... › U.S. District Courts

### IN RE Ayo H Akatugba | 4:21-CV-01015 | Court Records
On 02/10/2021 IN RE **Ayo** H **Akatugba** was filed as a Bankruptcy - Other Bankruptcy lawsuit. This case was filed in U.S. District Courts, California Northern ...

Case: 18-40285    Doc# 524    Filed: 04/05/24    Entered: 04/05/24 23:51:18    Page 8 of 8