Andrew J. Christensen (SBN: 260748)
Law Offices of Andrew J. Christensen, P.C.
3608 Grand Ave. Suite 1
Oakland, CA 94610
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Debtor
Ayo Akatugba

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>Ayo Akatugba<br><br>Debtor | Bankruptcy Case No. 18-40285 WJL 13<br><br>CHAPTER 13<br><br>**Debtor's Ex Parte Motion for In Camera Review in Relation to Debtor's Motion to Maintain Confidential Designations, and for Order that Creditors Maintain the Designation Pursuant to Protective Order**<br><br>**Hearing: Zoom/Telephonic or In Person**<br>Date: N/A<br>Place: Courtroom 220<br>1300 Clay Street, 2nd Floor Oakland, CA<br>Judge William Lafferty |

Debtor Ayo Akatugba Requests an Order to allow Debtor to submit confidential documents for the Court's review *in camera* in relation to *Debtor's Motion to Maintain Confidential Designations of Interrogatory Responses* that Debtor filed on April 5, 2024, docket 524 that is set for hearing on May 8, 2024.

Debtor also seeks an emergency ex parte order that all Creditors maintain Debtor's interrogatory responses as confidential pursuant to the Stipulated Protective Order until the Court rules on Debtor's Motion to Maintain the Designations because there is a dispute about the deadline to file the Motion to Maintain and whether the motion was timely or whether the designation was waived by untimely motion and Rushmore's counsel has communicated to Debtor's counsel that they intend to file the

1

interrogatory response in connection with briefing on a motion.

This Ex Parte Motion is supported by the declaration of Counsel and of Debtor.

Notice of this Ex Parte Motion is done by ECF and all opposing counsel here are ECF participants. No further notice is necessary under the circumstances.

Pursuant to the Stipulated Protective Order (SPO) docket 422 in this case, Debtor designated certain responses to Rushmore's interrogatories, set one, as confidential because they contain highly sensitive facts about Debtor's emotional distress. Rushmore challenged these designations and Debtor therefore filed the motion to maintain the designations. However, the documents are still confidential until the Court rules on the Motion to Maintain the Designation and cannot be discussed in detail in the Motion without being filed under seal. The SPO provides in paragraph 6.3 that "all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge." In the alternative to filing the motion and the interrogatory responses under seal, Debtor requests this Ex Parte order to allow Debtor to submit her confidential interrogatory responses at issue to this Court directly for *in camera* review so the Court may analyze the document to enable an appropriate ruling on the Motion to Maintain the Designation. Debtor has prepared the interrogatory responses with the specific portions of the responses that Debtor wishes to maintain confidential.

Debtor also requests an order ex parte compelling Creditors to maintain the interrogatory responses as confidential pursuant to the SPO while the Motion to Maintain is under submission because there is a dispute between Rushmore and Debtor about the deadline to file the Motion to Maintain and whether the Motion was timely. Rushmore has taken the position that the deadline passed and that the designation was waived automatically. Debtor takes the position that the motion is timely within the 14 days allowed by the SPO and that the designation was not waived.

The SPO requires that a party challenging the designation to provide "written

notice of each designation it is challenging and describing the basis for each challenge" and that "the Challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances[.]" Paragraph 6.2. Rushmore's challenge was generic, with only one sentence addressing the basis for the objection, stating that the material is "of a nature that they are not particularly embarrassing or sensitive." Debtor conveyed during a video conference to meet and confer about this that the challenge was not sufficient and did not meet the requirements of the SPO, and Counsel for Debtor invited Rushmore's counsel to provide further authority and analysis to support their objection or to be more specific about which parts of the interrogatory responses they objected to. Debtor's understanding from the meeting was that there would be further discussion and review.

The SPO provides that upon a challenge, the deadline to file a motion to maintain the designation is either 14 from the initial notice of challenge, or "within 7 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier." Here, the challenge was on March 22, and Debtor's counsel did not have the understanding that there was any agreement that the meet and confer process would not resolve the dispute, so the deadline was 14 days, which was April 5, 2024, and the motion is timely and the designation is still valid and the interrogatory responses must still be maintained as confidential.

However, on April 4, 2024, the day before the deadline to file, Debtor's counsel emailed Rushmore's counsel to seek a two-week extension of the 14-day deadline because Debtor's counsel was preparing for a jury trial and was not going to be able to review some of the challenged material or to file the motion to maintain for two weeks. Rushmore's counsel denied the extension as to the interrogatory responses and claimed that the confidentiality designations expired on April 2, two days prior.

Ex parte relief on this matter is necessary because Rushmore's counsel Mrs.

McClendon told Debtor's counsel during a meet and confer call that she intended to file the interrogatory responses in connection with a motion soon. At that time she said she would file it under seal, but now that Rushmore has taken the position that the designation lapsed, there is a clear and present danger that Rushmore will file the interrogatory responses on the public docket without immediate intervention by this Court. Ex parte relief is necessary to prevent Rushmore or the other creditors from filing or publishing or otherwise making public the highly sensitive and private information that is in the interrogatory responses about Debtor's emotional distress. The information becoming pubic will be humiliating for Debtor, and will cause immediate and irreparable harm.

Debtor does not believe that the Motion was untimely and did not intend to waive the confidentiality, and intended to file the Motion to Maintain the Designation and had communicated that intention expressly to Rushmore's counsel who knew that Debtor would not allow the designation to be waived. Debtor greatly fears that Rushmore or the other Creditors will publish this information to her embarrassment and detriment because Creditors have served extensive and invasive and harassing discovery in this case in the last few months for irrelevant and private information about her finances, her family relationships, her employment, and medical history that far exceed the scope of discovery in this case and appear to be for the sole purpose of harassing and embarrassing Debtor with her associates, family, friends, and employer. There have been multiple motions to quash and requests for protective orders relating to this invasive and inappropriate discovery.

It is extremely concerning that Rushmore has taken the position that the designation was waived when they had been told in writing and in person during an hour long video conference that Debtor would not waive it and would seek to maintain the designation if the parties could not work it out.

It is clear that Rushmore's express refusal to grant an extension of the time to file the Motion to Maintain, and by taking the position for the first time on April 4,

2024, that the designation was waived on April 2, 2024, that Rushmore plainly intends to file the documents on the public docket. Therefore, Debtor requests immediate intervention by the Court.

DATED: April 6, 2024

/s/ Andrew J. Christensen
Andrew J. Christensen
Attorney for Debtor Ayo Akatugba

Andrew J. Christensen (SBN: 260748)
Law Offices of Andrew J. Christensen, P.C.
3608 Grand Ave. Suite 1
Oakland, CA 94610

Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Debtor
Ayo Akatugba

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| In the Matter of: | Bankruptcy Case No. 18-40285 WJL 13 |
|---|---|
| Ayo Akatugba | CHAPTER 13 |
| Debtor | **Declaration of Debtor Ayo Akatugba in Support of Debtor's Ex Parte Motion for In Camera Review in Relation to Debtor's Motion to Maintain Confidential Designations, and for Order that Creditors Maintain the Designation Pursuant to Protective Order** |
| | Hearing: Zoom/Telephonic or In Person |
| | Date: N/A |
| | Place: Courtroom 220 |
| | 1300 Clay Street, 2nd Floor Oakland, CA |
| | Judge William Lafferty |

I, Ayo Akatugba am the Debtor in this case. I make this declaration of my own personal knowledge except to those matters which are herein alleged on information and belief, and as to those matters, I believe them to be true.

1. I designated certain responses to Rushmore's interrogatories, set one, as confidential because they contain highly sensitive facts about my emotional distress.

2. Irrevocable harm to my reputation will occur if the responses are published or filed or disclosed publicly because the details of my emotional distress are

-1-

highly sensitive and personal and will cause me great embarrassment and humiliation if disclosed publicly.

3. I never intended to allow the confidential designation to lapse. My counsel filed the motion to maintain the designation in a manner that we understood was timely to maintain the designation.

4. I greatly fear that Rushmore or the other Creditors will publish this information to my embarrassment and detriment because Creditors have served extensive and invasive and harassing discovery in this case in the last few months for irrelevant and private information about my finances, for loan information from 19 years ago, my family relationships, my employer, and medical history that far exceed the issue in this case because it has nothing to do with my damages or with Creditor's wrongful conduct. I feel harassed and threatened by all of this excessive discovery, and their continued refusal to limit the discovery or to come to any agreement about the scope of discovery leads me to believe that they intend to make this public.

5. It is extremely concerning to me that Rushmore has taken the position that the designation was waived when they had been told in writing and in person during an hour long video conference that I would not waive it and would seek to maintain the designation if the parties could not work it out.

6. My responses to interrogatories 5 and 20 to Rushmore go into detail about my emotional distress, and the physical and mental and emotional strain that Creditor's misconduct has caused me and my family over the last several years.

7. It also includes details of my medical treatments that I do not want to be made public because it is embarrassing.

8. The details of how the stress of possibly losing my home wrongfully to Creditors affected me are of such a nature that it will cause serious harm to me and my family by embarrassment and public humiliation.

9. I am a well-respected and accomplished physics teacher at Oakland Unified School District with a PH.D, but when my name is entered into a Google

-1-

search, the first two search results are legal research websites that contain filings related to this bankruptcy case, including Casetext.com and Justia Dockets and Filings. Three out of the top seven results contain information about the bankruptcy case.

10. Public disclosure of this information will cause me harm to my professional and personal reputation and embarrassment.

I swear under the penalty of perjury that this is true and correct, and that this declaration was executed on the following date in Oakland California.

DATED: April 6, 2024

/s/ Ayo Akatugba
Ayo Akatugba Debtor

Andrew J. Christensen (SBN: 260748)
Law Offices of Andrew J. Christensen, P.C.
3608 Grand Ave. Suite 1
Oakland, CA 94610
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Debtor
Ayo Akatugba

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>Ayo Akatugba<br><br>Debtor | Bankruptcy Case No. 18-40285 WJL 13<br><br>CHAPTER 13<br><br>**Declaration of Andrew J. Christensen in Support of Debtor's Ex Parte Motion for In Camera Review in Relation to Debtor's Motion to Maintain Confidential Designations, and for Order that Creditors Maintain the Designation Pursuant to Protective Order**<br><br>**Hearing: Zoom/Telephonic or In Person**<br>Date: N/A<br>Place: Courtroom 220<br>1300 Clay Street, 2nd Floor Oakland, CA<br>Judge William Lafferty |

I, Andrew J. Christensen am attorney for Debtor in this case. I make this declaration of my own personal knowledge except to those matters which are herein alleged on information and belief, and as to those matters, I believe them to be true.

1. Pursuant to the Stipulated Protective Order (SPO) docket 422 in this case, Debtor designated certain responses to Rushmore's interrogatories, set one, as confidential because they contain highly sensitive facts about Debtor's emotional distress.

-1-

2. Rushmore challenged these designations by letter emailed to me on March 22, 2024, and I therefore filed the motion to maintain the designations on the date that I believe is timely under the SPO.

3. There is a dispute between Rushmore's counsel and myself about the deadline to file the Motion to Maintain and whether the Motion was timely. I did not learn of this dispute about timeliness until April 5, 2024, the day that I understood the Motion to Maintain was due to be filed. Until that date, I did not understand that Rushmore's counsel thought the deadline was April 2, 2024.

4. Rushmore has taken the position in an email to me that the deadline passed on April 2, 2024, and that the designation was waived automatically.

5. Rushmore's letter to me challenging the designation contained only one sentence addressing the basis for the challenge, stating that the material is "of a nature that they are not particularly embarrassing or sensitive."

6. I told Rushmore's counsel Regina McClendon during a video conference to meet and confer about this and other discovery that the challenge was not sufficient and did not meet the requirements of the SPO, and invited her to provide further authority and analysis to support their objection or to be more specific about which parts of the interrogatory responses they objected to.

7. My understanding from the meeting was that there would be further discussion and review. My understanding was that the deadline to file a motion to maintain the designation was April 5, 2024.

8. I did not have the understanding that there was any agreement that the meet and confer process would not resolve the dispute, so I understood the deadline was 14 days, which was April 5, 2024, and the motion is timely and the designation is still valid and the interrogatory responses must still be maintained as confidential.

9. On April 4, 2024, the day before the deadline to file, I emailed Rushmore's counsel to seek a two-week extension of the 14-day deadline because I was preparing for a jury trial and was not going to be able to review some of the challenged material

-1-

or to file the motion to maintain for two weeks. Rushmore's counsel responded to the email on April 5, 2024, and denied the extension as to the interrogatory responses and claimed that the confidentiality designations expired on April 2, two days prior. This was the first time I learned that Rushmore considered that to be the deadline.

10. Rushmore's counsel Mrs. McClendon told me during a meet and confer call that she intended to file the interrogatory responses in connection with a motion soon. At that time she said she would file it under seal, but now that Rushmore has taken the position that the designation lapsed, I believe that there is a clear and present danger that Rushmore will file the interrogatory responses on the public docket without immediate intervention by this Court.

11. I do not believe that the Motion was untimely.

12. I did not intend to waive confidentiality. I acted diligently to meet and confer and to seek an extension of the deadline on account of the jury trial so that there would be no chance that the designation would be waived.

13. I intended to file the Motion to Maintain the Designation and had communicated that intention expressly to Regina McClendon during our video conference meet and confer call. I told her that we would not let the material be made public and would seek an order to maintain it if the parties could not work it out.

I swear under the penalty of perjury that this is true and correct, and that this declaration was executed on the following date in Oakland California.

DATED: April 6, 2024

/s/ Andrew J. Christensen
Andrew J. Christensen Attorney for Debtor