

**The following constitutes the order of the Court.**
**Signed: May 15, 2024**

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re

Ayo H. Akatugba,

Debtor.

Case No. 18-40285

Chapter 13

**Hearings Held**
Date: March 27, 2024; April 24, 2024
Time: 10:30 A.M.
Location: 1300 Clay St, Ctrm 220/Zoom, Oakland, CA 94612

### ORDER GRANTING RUSHMORE'S AND CHAPTER 13 TRUSTEES' MOTIONS FOR PROTECTIVE ORDER

This matter came on for a hearing on Rushmore's Motions for Protective Order Regarding Debtor's subpoenas to non-party Chapter 13 Trustees Martha Bronitsky ("Trustee Bronitsky"), David Burchard, and Devin Derham-Burk ("Trustee Derham-Burk") (dkts. #501, #503, #505), Trustee Bronitsky's Motion to Quash (dkt. #486), and Trustee Derham-Burk's Motion to Modify/Quash Debtor's subpoena (dkt. #510). Appearances were noted on the record.

This Court has "broad discretion to control [] discovery in civil proceedings" under Federal Rule of Civil Procedure 26, which is "made applicable to this contested matter by

1

Federal Rules of Bankruptcy Procedure 7026 and 9014." *In re Trinh*, No. 2:18-BK-11475-RK, 2022 WL 1769135, at *3 (Bankr. C.D. Cal. May 31, 2022); *In re Khachikyan*, 335 B.R. 121, 126 (B.A.P. 9th Cir. 2005) (Rule 26 is "incorporated by Fed. R. Bankr. P. 7026–37 & 9014(c)").

Federal Rule of Civil Procedure 26(c) permits the Court, upon showing of good cause, to grant a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Rule 26 expressly provides for the discretionary granting of a protective order to regulate the terms, conditions, time or place of discovery. Fed. R. Civ. P. 26(c)(1)(B). Federal Rules of Civil Procedure 45(d)(3)(A), which is applicable to this contested matter pursuant to Fed. R. Bankr. P. 9016, also provides that, upon timely motion, this Court must modify or quash the Subpoena if it, among other things, requires disclosure of protected matter or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv). Further, a court has "wide discretion in controlling discovery," including the decision to deny discovery. *Rexford Properties LLC v. AGCS Marine Insurance Company*, 2024 WL 755874 at * 2 (E.D. Cal. Feb. 23, 2024).

The relevant standard for purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, (9th Cir. 2002). Courts may consider certain factors in determining whether good cause exists for a protective order, including whether disclosure will violate any privacy interest or would cause a party embarrassment. *Rivera v. NIBCO, Inc.*, 204 F.R.D. 647 (E.D. Cal. 2001) (citation omitted). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.) (cert. denied, 506 U.S. 868, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992)).

As an initial matter, the Court makes the following observations. First, the Court notes that Debtor Ayo H. Akatugba ("Debtor") is seeking information from the standing chapter 13

Case: 18-40285    Doc# 579    Filed: 05/15/24    Entered: 05/15/24 15:59:45    Page 2 of 8

trustees for the Northern District of California and indirectly from the chapter 13 debtors listed in the subpoena who are not parties to this litigation. The Court adds that the chapter 13 trustees are in a special relationship as fiduciaries to the chapter 13 debtors whose respective bankruptcy cases have nothing to do with this case. Importantly, Debtor admits that she currently possesses the same information sought from a prior production by Rushmore but maintains that relying on Rushmore's production to admit the information into evidence at trial may pose some evidentiary challenges.

Upon careful weighing of the factors, and as set forth in greater detail below, the Court finds that Rushmore and the objecting trustees have established good cause to grant a protective order and excuse the chapter 13 trustees from responding to Debtor's subpoenas.

First, the Court finds that the discovery sought is duplicative and likely unnecessary. Debtor does not deny that she is already in possession of the same information that is the subject of her subpoenas to the chapter 13 trustees. (*See* Debtor's Opposition, dkt. #534 at 5, "[t]here is nothing in the Trustee records that Rushmore has not already been ordered to produce and has produced in this case to Debtor.")  As Debtor further admitted, "the Court has already compelled Rushmore to produce the loan history of each debtor at issue in the subpoena and the loan histories Debtor now has show the payment amounts and dates that the subpoena seeks to obtain from the Trustee…" (*Id.* at 4). Nevertheless, Debtor argues that the records from the Trustees are "mandatory" for Debtor to establish the factual foundation that Rushmore misapplies the trustee payments in "every loan they service" in violation of the automatic stay and the plan. (*Id.*). The Court, however, is unclear as to how Rushmore's production is inadequate and why there is a need to obtain documents from the chapter 13 trustees if the documents sought contain the same information as the documents already provided by Rushmore. If Debtor is already in possession of documents bearing the same information sought from the very loan servicer accused of violating the automatic stay, the Court is doubtful of any need for further discovery. Moreover, if the need for discovery is predicated on laying the foundation or authenticating certain documents, the Court believes that the parties should be able to resolve the issue without recourse to the discovery sought herein.

Second, the Court finds that Trustee Derham-Burk and Trustee Bronitsky have sufficiently established that compliance with Debtor's subpoenas will require more time and resources than what Debtor represents, and will impose an inappropriate burden on them. The Court agrees that complying with the subpoena is not, as Debtor asserts, as simple as running a query on the trustees' respective databases, but rather it requires the trustees and their employees to spend considerable time and resources crafting relevant inquiries and reviewing the corresponding results. (*See* Trustee Derham-Burk's Motion, Dkt. #510 at 6, "even if compliance is limited to claims involving Rushmore…This does not involve just a few clicks of the computer because a computerized search in the Trustee's system will not immediately tie Rushmore to a claim unless Rushmore happens to be the currently named payee."). Notably, Debtor seeks an intrusion of the trustees' duties in a case to which they are not a party and in which they do not have any interest whatsoever. Consequently, the expected degree of burden imposed by the subpoenas weigh in favor of a protective order.

Third, the Court finds that the privacy concerns of the non-party chapter 13 debtors over their financial information outweigh Debtor's need for discovery. Debtor contends that individual chapter 13 debtors have no reasonable expectation of privacy over their "loan transaction histories…because the amount and timing of payments…" are contained in their chapter 13 plans that are available on the public docket and as such entering a protective order or quashing the subpoenas would not be appropriate. (Dkt. #534 at 13).

The Court, however, rejects Debtor's gross simplification of individual debtors' privacy rights during the bankruptcy process. While debtors admittedly surrender some of their privacy rights when they disclose some financial information required to avail them of the protection of the Bankruptcy Code, debtors' privacy rights are still protected under relevant state and federal laws.

The inalienable right to privacy under the California constitution is in many respects broader than the federal constitution as it extends to individuals' confidential financial affairs. *See* Cal. Const. art. 1, §1; *Valley Bank of Nevada v. Superior Court*, 15 Cal.3d. 652, 656, 125 Cal.Rptr. 553, 542 P.2d 977 (1975) (finding that the right to privacy under California

Case: 18-40285    Doc# 579    Filed: 05/15/24    Entered: 05/15/24 15:59:45    Page 4 of 8

constitution "extends to one's confidential financial affairs as well as to the details of one's personal life."). To prove an invasion of privacy, the proponent must establish the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) a serious invasion of privacy interest. *Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th 1, 35-37, 26 Cal.Rptr.2d 834, 865 P.2d 633 (1994).

Here, the Court finds that Rushmore and the objecting chapter 13 trustees have met their burden in establishing that Debtor's subpoenas unjustifiably invade the privacy of the non-party debtors. The first element is met here because Californians have an inalienable right to privacy under the state constitution which extends to their financial affairs. *Pioneer Elecs. (USA), Inc. v. Superior Ct.*, 40 Cal. 4th 360, 368(2007) (citation omitted) (holding that California's right to privacy "extends to one's confidential financial affairs…"). The information sought by Debtor which includes the non-party debtors' payment history and accounting records undisputedly relate to the non-party debtors' financial affairs and are thus covered by the state constitution's right to privacy.

Further, the Court finds Debtor's contention that individuals who file for bankruptcy do not have a reasonable expectation of privacy unavailing. "A 'reasonable' expectation of privacy is an objective entitlement founded on broadly based and widely accepted community norms." *Hill*, 7 Cal.4th 1 at 37. A variety of factors may affect a person's reasonable expectation of privacy which may include "customs, practices, and physical settings surrounding particular activities…" *Id.* at 36 (citations omitted). As further support for the proposition that debtors have a reasonable expectation of privacy, the Court notes that it appears that it has been the practice of the standing chapter 13 trustees to treat debtors' financial information confidential and private. Indeed, trustees have taken measures to protect debtors' information such as using proprietary password-protected secure system that is not accessible to the public to store the information Debtor is seeking. *See* Dkt. #510 at 4; Dkt. #486 at 7. Any disclosures made by the chapter 13 trustees are done for the limited purpose of administering the debtors' respective cases. 11 U.S.C. § 1302(b).

The Court further finds that the nature and scope of the subpoenas constitute a serious invasion of the privacy rights of the non-party debtors. The subpoenas seek the financial information of chapter 13 debtors who are not parties to this litigation, a vast majority of whom are not represented by Mr. Christensen, and whose cases may have been completed and closed years prior. Further, it is undisputed that the non-party debtors have not been served a copy of the subpoenas and are practically deprived of any opportunity to either object or consent to the disclosure and use of their financial records in this case. The Court is mindful of the fact that individual bankruptcies can be a very personal and trying process such that individual debtors are obliged to relinquish some level of privacy to facilitate the honest and full administration of their bankruptcy estate. It is important to recognize that while Debtors can anticipate making disclosures in connection with their bankruptcy, there is no expectation that they do the same outside of that process, particularly in cases where they are not a party. Further, the Bankruptcy Code does not expressly or implicitly require a debtor to waive their right to privacy. It is therefore important for Courts to be careful when considering duplicative discovery requests, particularly in circumstances where the discovery is targeted towards nonparty debtors who have not received any notice.

The Court additionally notes that there is a strong public interest and policy in excepting the standing trustees from complying with Debtor's subpoenas given the important role they play in the bankruptcy process. In chapter 13 cases, a trustee is appointed at the outset, and in every district, one or more standing chapter 13 trustees are appointed. 11 U.S.C. § 1302(a). A standing trustee has a fiduciary responsibility to the bankruptcy estate and has wide array of statutory duties and obligations under the Bankruptcy Code. *See* 28 C.F.R. § 58.4(d); 11 U.S.C. §§ 1302(b), 365(a), 544–48. For example, a chapter 13 trustee has a duty to "advise, other than on legal matters, and assist the debtor in performance under the plan." 11 U.S.C. §§ 1302(b)(4). Thus, it is crucial in the smooth functioning of the chapter 13 case and in the likelihood of success of the chapter 13 plan for the debtor and the chapter 13 trustee to establish an amicable and trusting relationship. It is, therefore, an important policy consideration to safeguard the integrity of the special relationship between the chapter 13 trustee and the debtor,

and to preserve the role and image of chapter 13 trustees as trusted government-appointed fiduciaries. Requiring the standing chapter 13 trustees in the Northern District of California to disclose the private financial information of non-party debtors, will, in the Court's mind, erode the integrity of the chapter 13 process, for it is entirely plausible for chapter 13 debtors to question whether the standing trustees truly have their best interest.

Lastly, Debtor asserts that the subject non-party debtors have no expectation of privacy over the date and dollar amount the trustees pay to their mortgage arrears claims because any party in interest "has an absolute right to this information" under 11 U.S.C. § 704(7), and further asserts that that section requires the trustees to turn over the requested information. The Court notes, however, that no such request has been made in this case. More importantly, Debtor has not shown that she is a party in interest in the non-party debtors' respective bankruptcies and therefore has no right to the information under § 704(7).

Accordingly, after carefully balancing Debtor's need for discovery and the non-party debtors' right to privacy, and for the reasons set forth above, the Court HEREBY ORDERS as follows:

1. Rushmore's Motions for Protective Order are GRANTED;
2. Chapter 13 Trustee Derham-Burk's Motion to Modify/Quash is GRANTED; and
3. Chapter 13 Trustee Bronitsky's Motion to Modify/Quash is GRANTED.

**\*\*END OF ORDER\*\***

**COURT SERVICE LIST**